# Jones *v.* New Orleans and Selma Railroad Company and Immigration Association.

*Statutory Proceeding for Condemnation of Right of Way by Railroad Corporation.*

1. *Condemnation of lands by railroad company; payment of compensation.*—It has long been settled in this State, that the legislature may confer on a railroad corporation the right to take lands necessary for the use and maintenance of its road, upon making just compensation to the owner; but, under the constitution of 1868, as under that now of force, it was required that the compensation should be paid before or at the time of the taking and appropriation of the lands.

2. *Entry on lands without condemnation, and without payment of compensation.*—The railroad company in this case, having entered on the lands without the consent of the owner, without condemnation by statutory proceedings, and without payment of compensation, was a trespasser; and the owner might have maintained trespass or ejectment against it, or enjoined by bill in equity the construction of its road until compensation to him was ascertained and paid.

3. *Improvements erected by trespasser on land.*—The maxim of the common law, that everything affixed to lands becomes a part of the freehold, was always subject to exceptions; and these exceptions have multipled with the increasing value and importance of personal property, and the varied necessities and exigencies of society; yet, it is generally true that, when there is a tortious entry upon lands, and the tortfeasor makes improvements, annexed to the soil, for the better use and enjoy-

| 70 | 227 |
| 97 | 396 |
| 70 | 227 |
| 99 | 27 |
| 70 | 227 |
| 102 | 420 |
| 70 | 227 |
| 112 | 131 |
| 70 | 227 |
| 116 | 34 |
| 116 | 169 |
| 118 | 561 |
| 118 | 562 |
| 70 | 227 |
| 120 | 34 |
| 122 | 252 |
| 70 | 227 |
| 123 | 160 |
| 70 | 227 |
| 126 | 316 |
| 70 | 227 |
| 129 | 588 |

[Jones v. N. O. & S. R. R. Co. and Im. Asso.]

ment of the lands, such improvements become a part of the realty, and the owner of the lands is under no obligation, legal or equitable, to make compensation for them, or to suffer them to be dissevered and removed.

4. *Same ; measure of compensation for lands taken by railroad.*—This principle, as to improvements erected, by a trespasser, can not justly be applied as between the parties to this proceeding; the railroad company having entered on defendant's land, and constructed its road through them, without his consent, and without a resort to statutory proceedings to condemn the right of way; and the defendant having allowed ten years to elapse without instituting proceedings to obtain compensation. The just measure of compensation, under these circumstances, is not the increased value of the land at the time the proceedings are instituted, caused by the improvements erected by the railroad company, but the value of the land when taken by the railroad, and the injury or diminution in the value thereby caused to the contiguous lands; and interest on the sum thus ascertained, *it seems*, should also be allowed.

APPEAL from the City Court of Selma.
Tried before the Hon. JONA. HARALSON.

WHITE, CRAIG & WHITE, for the appellant.—It was a well-settled principle of the common law, that improvements erected on land by a trespasser passed to the owner of the land, and could not be dissevered or removed by the trespasser, nor could he claim any compensation for them.—Mills on Eminent Domain, § 148; *Washburn v. Sproat*, 16 Mass. 449; *Stillman v. Hamer*, 7 How. Miss. 421; *United States v. Tract of Land*, 47 Cal. 515. This salutary principle was applied to a railroad company, under circumstances very similar to the present case, in *Graham v. Connersville Railroad Company*, 36 Indiana, 463; and it is peculiarly applicable to this case, under the facts shown by the record. The railroad company entered on the lands of the appellant, while she was an infant, against the objection and protest of her guardian ; made no offer of compensation, and no effort to condemn the necessary right of way by legal proceedings, which it alone could institute under the provisions of its charter; constructed its road, erected improvements, and continued in possession for ten years; and now resorting to this statutory proceeding, to defeat an ejectment, claims exemption from the consequences of its own wrong. The railroad company was a trespasser when it entered on the lands; the improvements became the property of the owner of the soil, so soon as they were erected; and she is entitled to compensation for them by express constitutional provision, whether the case is to be governed by the present constitution, or by that of 1868—whether "*full*" compensation," or "*just* compensation," is to be the measure of her recovery.

BROOKS & ROY, *contra*.—The charter of the railroad company, granted in 1865-6, authorized it to enter upon lands along the proposed route of its road, and to locate and construct its
VOL. LXX.

road, without awaiting the conclusion of condemnation proceedings, and imposed heavy penalties for any obstructions of the enterprise.—Session Acts 1865–6, p. 236; *Ib.* 1868, p. 244. By constitutional provision subsequently adopted, requiring compensation to be made in advance, or at least contemporaneously, this clause was rendered inoperative; and thus the corporation became technically a trespasser, in entering on the appellant's lands, though the entry was made in good faith, and in the exercise of a corporate power which was valid when granted, and which had been exercised without objection for several years; and though there was verbal objection from the appellant's guardian, it was not made to any officer or agent of the corporation, nor otherwise brought to the knowledge or notice of the corporation. The entry and occupation under such circumstances, while a technical trespass in law, does not make the corporation a tortfeasor, nor subject it to the consequences visited at common law upon such wrongdoers. For the trespass, the appellant had a legal remedy, either by ejectment, or by action for damages; and has neglected, for ten years, to pursue that remedy. The corporation now invokes its statutory remedy, and claims the benefit of the improvements which it erected in good faith, and which it has used and enjoyed, without objection or obstruction, for ten years. The claim is supported by reason, justice, and the weight of authority; and it can not be defeated by the technical common-law rule invoked by appellant.—*Greve v. St. Paul & Pacific Railroad Co.*, 36 Minn. 66; *Lyon v. Green Bay Railroad Co.*, 42 Wisc. 538; *Justice v. N. Valley Railroad Co.*, 87 Penn. 28; *Morgan's Appeal*, 39 Mich. 675; *Cent. Pacific Railroad Co. v. Armstrong*, 46 Cal. 83. *Just* compensation only means equitable compensation—that the owner shall be saved harmless, and shall recover the damage which he has actually sustained; not that he shall be allowed to acquire and appropriate the property of others. The compensation is to be determined by the value of the land at the time of the entry and appropriation. Any other rule would, in many cases, deprive the owner of all right of compensation for injury to contiguous lands, the value of which may be greatly impaired, if not destroyed, by the appropriation.

BRICKELL, C. J.—This was a proceeding instituted by the appellee, a corporation created under the laws of this State, having authority to construct and maintain a railroad from New Orleans to Selma, to ascertain the compensation to be paid the appellant, for lands of which she was the owner, which had been taken and appropriated in the construction of the road. The appellee entered and constructed its road on the lands in

1870, and has since continued in the use thereof. The several assignments of error, relating exclusively to the rejection of evidence, raise but a single question, as is recognized by counsel: whether the appellant was entitled to the value of the lands as of the day when the proceeding was instituted (May 4th, 1880), enhanced by the value of the rails, ties, trestles, and other structures, placed thereon by the appellee.

It is not denied that the appellee was clothed with power to acquire the land for the purpose of constructing a railroad, by agreement with the owner, or, in the absence of agreement, by appropriate proceedings for its condemnation. It has long been settled in this State, that the General Assembly may confer on corporations, created for the construction of railroads, the right to take lands necessary for the use and maintenance of the road, upon making to the owner just compensation. *Aldridge v. T., C. & D. R. R. Co.*, 2 St. & Port. 199; *Davis v. T., C. & D. R. R. Co.*, 4 St. & Port. 421; *Ala. & Florida R. R. Co. v. Kenney*, 39 Ala. 307. Whether it was essential to the validity of a law conferring this right on such a corporation, that it should require payment of the compensation to precede, or to be concurrent with the taking and appropriation of the land, or whether all the demands of the constitution were not satisfied, if adequate remedies were provided by which the owner could secure the compensation, was an unsettled question.—*Aldridge v. T., C. & D. R. R. Co., supra; Sadler v. Langham*, 34 Ala. 311. The constitution of 1868 (Art. XIII, § 5) required, that the compensation should be paid before, or at the time of the taking and appropriation; and a provision similar in substance and effect is incorporated in the present constitution.—Art. XIV, § 7; Art. I, § 24.

The appellee, having entered upon the lands without the consent of the owner, without instituting the necessary proceedings for the ascertainment of the compensation to which the owner was entitled, and its actual payment in money, as required by the constitution, was a trespasser. The owner could have supported an action of trespass against it, or an action of ejectment, and could have enjoined it by bill in equity from the construction of its road, until the compensation was ascertained and paid.—Pierce on Railroads, 166-7; *N. O. & Selma R. R. Co. & Imm. Asso. v. Jones*, at last term.

It is, as insisted by the counsel for the appellant, a maxim of the common law, that every thing affixed to lands become a part of the freehold, subject to all its incidents and properties, and can not be dissevered, or converted into personal property, without the act or consent of the proprietor of the lands. The maxim was never inflexible in its operation, and, as far back as it may be traced, was subject to exceptions.— *Van Ness v.*

*Pacard*, 2 Peters, 137; *N. C. R. R. Co. v. Canton*, 30 Md. 347. These exceptions have multiplied, with the increase in the importance and value of personal property, and the varied necessities and exigencies of society. It is, nevertheless, true generally, that if there is a tortious entry upon lands, and the tortfeasor makes improvements upon them, annexed to the soil, for the better use and enjoyment of the lands, such improvements become a part of the realty; all property in them is vested in the proprietor of the soil, who is under no legal or equitable obligation to make compensation for them, or to suffer them dissevered and removed.—2 Kent, 338. It was the fraud, or the folly of the tortfeasor, to build, to plant, or to sow, on the lands of another, without his consent.—Amos & Ferard on Fixtures, 10.

This maxim seems to us incapable of any just application to parties standing in the relation of these parties, or to a proceeding of this character; and it must not be overlooked, that they have corresponding rights and remedies. In this relation, they are placed by law. The rights of each party, the law distinctly defines; and the remedies each must pursue, to secure and enforce their rights, are clearly prescribed. It was the right of the appellee to acquire the lands for the use of the road; a *public*, not a *private* use. Appropriate proceedings for its acquisition, if from any cause it could not be acquired by contract with the owner, the law prescribes. Just compensation for the land *at the time of its taking*, paid before or concurrently with its appropriation, was the right of the appellant. If there was an entry upon, and appropriation of the lands, without the consent of the owner, and without having the compensation ascertained, and making payment of it, there were remedies to which he could have resorted, protecting himself, regaining his possession, and compelling the ascertainment and payment of the compensation. If he is negligent— if he stands by in silence, suffering the wrongful entry, or continuance of possession under it, the construction of costly improvements, not necessary to the enjoyment of the freehold, inconvenient to his use and occupation, valuable to him only because he may dissever them, converting them again into personal property, and valuable only to the party making them for the uses to which they are dedicated—there is but little of equity in a claim that the measure of his compensation shall be increased by the value of the improvements, or that the *time* at which such compensation is to be estimated shall be varied. *Nemo debet locupletari ex alterius incommodo*, is a maxim of the common law, of as much force, though it may not be of as general application, as the maxim, *Quicquid plantatur solo, solo cedit*.

The duty rested upon the appellee, before the taking and appropriation of the lands, to have caused, in the appointed mode, an ascertainment of the compensation to which the owner was entitled, and to have made payment of the compensation. Neglecting this duty, the entry upon and possession of the lands was wrongful—no title to them was acquired, and the title of the owner was not divested. The neglect of the duty, the wrongful entry and possession, does not preclude the appellee from resorting subsequently to the appropriate proceedings for the acquisition of the lands, and, of consequence, availing itself of all the structures it may have placed thereon.—*Justice v. N. V. R. R. Co.*, 87 Penn. St. 28; *Secombe v. R. R. Co.*, 23 Wall. 108. Though the appellee was a trespasser, by reason of the neglect to pursue the proper remedy for acquiring the lands— acquiring them without the consent of the owner—there is in the right continuing in him to pursue the remedy, rendering the possession rightful, and by which title may be acquired, a plain distinction between the appellee and a common trespasser. As against such trespasser, the proprietor can keep the lands, and, keeping them, hold the improvements he may have annexed to the soil. No remedy is given the trespasser, by which he may acquire the use and enjoyment of, or title to the lands. There is, also, another distinguishing fact; the structures of the appellee were dedicated, not to the use and enjoyment of the freehold, but to public uses, which are the consideration for the grant to the appellee of corporate franchises, and of the right, in the exercise of these franchises, to take and appropriate private property.—*Justice v. N. V. R. R. Co.*, supra; *N. C. R. R. Co. v. Canton*, supra; *Morgan v. C. & N. R. R. Co.*, 39 Mich. 575; *Lyon v. G. B. & M. R. Co.*, 42 Wisc 538. These elements of the casé distinguish it from that of the trespasser entering upon lands, fixing chattels to the freehold for its use and enjoyment, which he must intend to convert into realty, and which, following the title to the soil, as one of its incidents, pass to the proprietor.

In this proceeding, it is only *just compensation* which may be awarded to the owner of the lands. This includes not only the value of the land which may be taken, but the injury resulting to the remaining lands of the proprietor.—*Ala. & F. R. R. Co. v. Burkett*, 42 Ala. 83. If these, in consequence of the taking, are lessened in value, the diminution is a part of the loss, of the injury, the proprietor has sustained.—Cooley Const. Lim. 705–12. "The question in these cases," says Judge Cooley, "relates, first, to the value of the lands appropriated; which is to be assessed with reference to 'what it is worth for sale, in view of the uses to which it may be applied, and not simply in reference to its productiveness to the owner in the

condition in which he sees fit to leave it. Second, if less than the whole estate is taken, then there is further to be considered, how much the portion not taken is increased or diminished in value in consequence of the appropriation." Fair, reasonable, adequate, just compensation for the loss and injury he may sustain, the constitution guarantees to the citizen whose property is taken for public uses. When this is afforded, the purposes of right, and of the constitution, are satisfied. It is not intended that compensation shall extend beyond the loss and injury, including that which the land-owner had not when the property was taken, but which is an incident of the appropriation, and essential to the uses for which the law *confers the right* of taking the property.—*Justice v. N. V. R. R. Co.*, 87 Penn., *supra; N. C. R. R. Co. v. Canton, supra; Lyon v. G. B. & M. R. R. Co., supra; Morgan v. C. & N. R. R. Co., supra; N. H. C. R. R. Co. v. Booream*, 28 N. J. Eq. 450.

The compensation is assessed, or ascertained, as of the time when the land is taken. Until the taking, whatever may be the other rights of the proprietor, the right to *just compensation* is not complete. What shall constitute the taking, may vary in different jurisdictions, and may depend, when proceedings for condemnation are resorted to, before an actual appropriation of the land, upon the stage of the proceedings. Where, as in this case, such proceedings are not resorted to, the entry upon the lands, disturbing the possession of the proprietor, followed by the location of the road, and operations for its construction, is the time of taking. These are acts in the exercise of the right of eminent domain, and the right of the proprietor to compensation for the loss and injury sustained by the exercise of the right is then complete.—Pierce on Railroads, 209. It is obvious, no other period of time can be adopted, without injustice to the land-owner, or to the corporation taking the land. If the period of condemnation, or of the commencement of proceedings for condemnation, in a case like the present, was adopted, the consequence would be, that the land-owner could not claim damages compensatory of the injury to his contiguous lands. Their value as of either period, after it has been diminished by the construction of the road, the market value, would be the measure of the compensation to which he would be entitled. Past injuries to them could not, in this proceeding, be considered. It is not a remedy for the recovery of damages for such injuries.—*Morgan v. C. & N. R. R. Co., supra.* In *N. H. C. R. R. Co. v. Booream, supra*, it is said by the Court of Appeals, of New Jersey: "Suppose the land was valuable for building, or farming purposes, and, by reason of cuts and embankments made by the company, it was ren-

dered intrinsically worthless; it would be unjust to compel the owner to accept as compensation its intrinsic value in that condition. . That result would necessarily be reached, if the valuation of the land was, under such circumstances, to be made as of the time when the condemnation was effected."

The value of the land when taken, before the construction of the road, and before any injury to the land taken resulting from construction, and the injury, the diminution in value of the contiguous lands, is the true and just measure of compensation.—*Lyon v. G. B. & M. R. R. Co., supra.* Delays in condemnation may occur, from many causes, and may result from the mere negligence of the corporation. The land-owner can always quicken it into diligence, and prevent any other loss or injury, than that for which compensation must be paid. Such delays, it may be, would often find encouragement, if the period of condemnation was fixed as the time of assessing the compensation, when by the taking the value of the land may have been, if not destroyed, materially reduced. On the other hand, the delay of the land-owner to compel compensation would be encouraged, if he could claim that it should include the value of the structures which have been erected on the lands. In neither claim is there right or justice, and neither comes within the letter or spirit of just compensation, which the constitution requires shall be made before or concurrently with the taking of the land. The land-owner is entitled to the value of the lands at the time of the taking and appropriation, whether the damages are assessed, as they should be, by condemnation proceedings, before the entry for the purposes of constructing the road, or subsequently, after there has been an actual taking and appropriation, without such proceedings, and without making payment of compensation. So, he is entitled, as of the same time, to the injury to his contiguous lands. It is this measure of compensation the constitution requires shall be paid before or concurrently with the taking. Interest upon these sums should, generally, in a case like the present, be computed. The liability for interest is not now presented, and it may be that there are circumstances connected with this case which would render the payment of interest inequitable. More than this measure of compensation the land-owner is not entitled to receive. When it is paid, the land, with all the structures thereon placed, will pass to the appellee.

There is no error in the rulings of the City Court, and the judgment is affirmed.