[L. A. No. 7608.   In Bank.—September 1, 1923.]

## A. B. FLETCHER, etc., et al., Petitioners, v. DISTRICT COURT OF APPEAL et al., Respondents.

[1] CONDEMNATION OF LAND—HIGHWAYS—POSSESSION—CONSTRUCTION OF CONSTITUTION.—In a proceeding by the state for condemnation of land for a highway the right of the state to take possession of the land depends upon two things,—first, the institution of a condemnation proceeding, and, second, the making of an order therein fixing an amount to be paid or deposited as security to the owner for compensation and damages, and an order of court for possession is not necessary.

[2] ID. — STATE CONDEMNATION PROCEEDINGS — WRIT OF REVIEW—INJUNCTION—WHEN NOT VIOLATED.—Where condemnation proceedings were instituted by the state to condemn land for a highway and deposit made pursuant to an order of court to secure the owner of the land for compensation and damages, and thereafter the state took possession of the land, an order issued by the district court of appeal in a *certiorari* proceeding to review the condemnation proceedings which in effect required the State Highway Commission and others to "desist from further proceedings in the matter so to be reviewed" is not violated by a continuation of the work of the Highway Commission, as this matter was not

germane to the proceeding in the superior court under review by the district court of appeal.

[3] CONTEMPT—JURISDICTION—AFFIDAVIT.—In order for a court to acquire jurisdiction to punish for contempt of court, it is essential that the affidavit charging contempt should state facts sufficient to constitute a contempt of court, and it is held in this case that the affidavits were not sufficient to give the court jurisdiction to punish petitioners for contempt.

PROCEEDING in Certiorari to annul an order of the District Court of Appeal, Second Appellate District, Division Two, adjudging petitioners guilty of contempt. Writ granted.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, C. C. Carlton and Lorrin Andrews for Petitioners.

Newby & Palmer and Grant Jackson for Respondents.

WILBUR, C. J.—This is a petition for writ of *certiorari* to annul an order of the respondents adjudging the petitioners guilty of contempt in violating the provisions of a writ of *certiorari* issued by that court.

The people of the state of California initiated condemnation proceedings to open a highway to the Malibu ranch. The trial court fixed security in the way of money deposits and the deposits were made in accordance with the order fixing the amount thereof. Thereupon the petitioners took possession of the proposed highway and proceeded to construct the highway. The constitution of California, as amended in 1918, article I, section 14, provides that where a condemnation proceeding is brought by the state, the state "may take immediate possession and use of any right of way required for a public use whether the fee thereof or an easement therefor be sought upon first commencing eminent domain proceedings according to law in a court of competent jurisdiction and thereupon giving such security in the way of money deposits as the court in which such proceedings are pending may direct, and in such amounts as the court may determine to be reasonably adequate to secure

to the owner of the property sought to be taken immediate payment of just compensation for such taking and any damage incident thereto," etc.

The writ of review issued by the respondents was directed to the judge of the superior court before whom the proceedings were pending and to that court, and after requiring the certification of the record by the superior court, contained the following provision: "and in the meantime, we command and require the said respondents, and all persons acting under said orders, to desist from further proceedings in the matter so to be reviewed."

Among the proceedings thus sought to be reviewed was an order of the trial court made after the deposits of $32,180 with the Citizens Trust and Savings Bank in accordance with the previous order of the court to the following effect: "It is hereby ordered that the plaintiff, the State of California, may take immediate possession and use of the right of way described in the complaint and in said order, . . . " In this connection it should be noted that the respondents do not claim that the effect of the writ of review was to require the petitioners to surrender the possession that they had obtained before the issuance of the writ. In that regard the respondents state: "It may be noted in passing that the owners are not claiming, and have not contended at any time, that the stay of proceedings in the writ here will divest the Highway Commission of the possession they took under the order of possession; they only claim that the writ operated to stay work on the road and maintain the status of the parties until the validity of the order shall have been determined."

[1] The question thus presented narrows itself to the inquiry of whether or not the highway commissioners, the petitioners here, were acting under and in pursuance of the order under review in continuing the improvement of the highway of which they had taken possession. In this connection it should be observed that while the court in fact made an order purporting to authorize the state to take possession of the proposed highway, the constitution does not require any such order. It makes the right of possession dependent upon but two things,—first, the institution of the condemnation proceedings, and, second, the making of an order therein fixing an amount to be paid or

deposited as security to the defendants. Upon the payment of the amount so fixed, the right of possession was transferred by the constitution itself to the state, and no order of court was necessary to effect that transfer.

[2] We need not concern ourselves upon this application with the question of whether or not the district court of appeal in the exercise of its authority to review the orders of the trial court could have required the state of California to surrender possession of the highway to the defendants in the condemnation proceeding pending the hearing of the proceeding for the review of the orders made by the trial court, nor need we consider whether or not the district court of appeal would have had authority in aid of its jurisdiction to review the proceedings to require the suspension of labor upon the proposed highway, if the order actually made required neither one of these things. That the mere retention of possession by the state and its officers was not a violation of the terms of the writ of review issued by the district court of appeal is conceded by the respondents here. Can it be fairly said that the order made by the district court of appeal in its writ of reviw had the effect to enjoin the highway officers of the state from improving the highway of which they had taken possession, their right to retain such possession being admitted? In this connection it should be stated that the orders under review made no provision whatever with reference to the improvement of the highway and did not purport to authorize the improvement thereof, so that any work done for the purpose of improving the proposed highway was not in fact done under the terms of the orders made by the superior court. Nor do we think the question of the improvement of the highway was a matter germane to the proceedings before the superior court and under review by the district court of appeal. The only thing dealt with by the superior court was the right of possession pending in litigation to condemn the title for the state of California. The right to the possession of the property was transferred by the constitution itself to the highway commissioners acting for the state of California upon the compliance with the terms fixed by the constitution. If, as was subsequently held by the district court of appeal upon the review of the orders complained of, it was held

that such orders were void, the right of possession by the
state and its officers would at once terminate because of the
fact that there was no valid order fixing the amount to be
deposited and consequently the constitution was not com-
plied with.

We do not wish to be considered as relying wholly upon
the admission of the respondents that the continuance by
the Highway Commission of possession was not a violation
of the injunctive feature of the writ of review. We think
that the respondents are correct in their admission for the
reason that the order does not purport to undo anything
that has been done, but merely to enjoin the doing of any-
thing further, and does not require that possession be sur-
rendered by the state pending the termination of the pro-
ceedings for the review of the orders of the trial court. We
are not dealing with the case where possession had not been
taken at the time of the application for the writ of review,
but with one where such possession had already been taken
by the officers of the state.

We do not think it can fairly be said that the retention
of the possession by the petitioners as members of the High-
way Commission or the attempted improvement of the high-
way were violations of the terms of the injunctive order
contained in the writ of review. It is therefore unneces-
sary for us to determine the extent of the jurisdiction or
power of the district court of appeal had it endeavored to
expressly prohibit such acts by the state or its officers. It
is sufficient for the purpose of this case to say that the in-
junctive order followed the provisions of the statute with
reference to writs of review and was in the usual form
and was not violated by the petitioners.

[3] The respondents claim that the only question that
can be reviewed by this court upon these proceedings is
the jurisdiction of the district court of appeal to punish
for contempt. This is true. But it has been repeatedly
held by this court that in order to acquire jurisdiction to
punish for contempt of court it is essential that the affi-
davit charging contempt should state facts sufficient to
constitute a contempt of court (*Otis* v. *Superior Court,* 148
Cal. 129 [82 Pac. 853]; *Hotaling* v. *Superior Court, ante,*
p. 501 [29 A. L. R. 127, 217 Pac. 73]). All the facts that
we have stated are shown in the affidavits charging the peti-

tioners with contempt, and such affidavits are not sufficient to give the court jurisdiction to punish petitioners for contempt. The question before us arises on a demurrer interposed in response to an order to show cause why the writ of review should not be issued.

The demurrer is overruled and the clerk is ordered to issue the writ of review petitioned for unless within thirty days the respondents annul the order adjudging petitioners guilty of contempt, which they are hereby authorized and empowered to do.

Myers, J., Lennon, J., Seawell, J., Waste, J., Richards, J., *pro tem.*, and Lawlor, J., concurred.