BRADLEY, Judge.
This is an appeal in an eminent domain case.
The subject matter of this controversy is a strip of land with dimensions of fifty feet by fifty feet located in the city of Childers-burg. It was originally owned by Rosie Lee Brasher, appellant herein, and her former husband, Lawrence, and became the subject of eminent domain proceedings when the Waterworks, Sewer and Gas Board of the City of Childersburg decided to appropriate it to public use because of the water contained under it. On January 10, 1980 the Board entered the property with the permission of Lawrence Brasher, one of its coowners, for the purpose of drilling a test well to determine if there was water beneath the surface of the land. Subsequently, the Board capped the well and left the property. On April 24, 1981 the Board acquired the interest of Lawrence Brasher but learned that Mrs. Brasher owned an undivided one-half interest in the property and that the couple had been divorced. Negotiations were started with her to acquire her interest but were unsuccessful. The Board instituted condemnation proceedings by filing an application in the probate court on October 7, 1981. Three commissioners were appointed; and, by their report, damages were assessed at $500. An order of condemnation was entered to the same effect on December 7, 1981. Mrs. Brasher timely appealed to the circuit court and demanded a jury trial. By a pretrial order dated February 12, 1982, the trial court stated that the issue in the case was the reasonable market value of the property at the date of the taking and that the property was taken on October 7,1981, the date that the application was filed in the probate court. However, at the outset of the trial, the court granted a motion in limine by the Board which established January 10, 1980, the date of entry, as the date of taking and limited evidence of the reasonable market value of the property to that date. The jury assessed damages at $500, and the circuit court entered an order of condemnation on June 23, 1982. Mrs. Brasher has appealed to this court from that order.
Mrs. Brasher contends, in her brief and in argument, that she has been deprived of just compensation for her property because the trial court established the date of taking as January 10, 1980, the date on which the Board entered her property with the consent of Lawrence Brasher to drill a test well. It is her position that, while there are certain exceptions under Alabama case law, the general rule is that the date of taking is the date that the application for condemnation is filed in probate court, October 7, 1981 in the instant case. She assigns as a reason for this rule the rationale that the *73 date of the filing of the application serves as the best date upon which a valuation can be made that will assure just compensation between the condemnor and the landowner. She further argues that the establishment of the date of taking as the date of entry and the trial court’s granting of the motion in limine to limit evidence of the reasonable market value of the property to that date— i.e., January 10, 1980 — deprived her of the ability to offer evidence of the value of the water beneath the surface of her property. The Board, however, contends that January 10, 1980, the date of entry, was the date on which the property was appropriated to public use and that it is this date which should be used to establish the fairest measure of market value. We agree with the Board’s argument that the property in the instant case was taken on January 10,1980, the date of entry. In so holding, we also necessarily find that the trial court properly limited evidence of the reasonable market value of the property to that date.
In Southern Ry. Co. v. Cowan, 129 Ala. 577, 29 So. 985 (1901), our supreme court stated the rule for what constitutes just compensation in an eminent domain case where it said that “the rule generally obtaining, that just compensation for the land, at the time of the taking, paid before, or concurrently with its appropriation, with interest thereon, is the right of the owner seeking compensation.” (Citations omitted.) Mrs. Brasher relies heavily on the proposition that the general rule in Alabama is that the date of taking is to be established as of the date that the application for condemnation is filed. See Jefferson County v. Adwell, 267 Ala. 544, 103 So.2d 143 (1956); Smith v. Jeffcoat, 196 Ala. 96, 71 So. 717 (1916). While we readily agree that this proposition is the general rule in this jurisdiction, we do not find that it has been a rule of inflexible application. Rather, we find that the date of taking has in certain instances been fixed in a less arbitrary manner to insure that the landowner, on one hand, receives just compensation for his land and that the condemnor, on the other, pays no more than reasonable market value for it. The early decision of Jones v. New Orleans & Selma R.R. & Immigration Association, 70 Ala. 227 (1881), emphasizes this flexible approach to fixing the date of taking so that reasonable market value may be ascertained. Similarly, in Jefferson County v. Adwell, supra, the supreme court, while fixing the date of taking as the date of filing the application of condemnation therein, reiterated the position that Alabama law recognizes that there may be alternative dates of taking which are not covered by the general rule. Under the logic of these two decisions, the disposi-tive issue in the instant case and, indeed in any eminent domain action where there has been an entry by the condemnor prior to the filing of the application, hinges on which date constituted the date of taking and which date will give the best assurance of just compensation.
Mrs. Brasher, in urging us to reverse the trial court’s decision that the date of entry was the date of taking, argues that the supreme court’s decision of Jones, supra, is inapplicable to the instant case. There the railroad entered upon certain lands in 1870 and made improvements thereon but failed to file an application for condemnation until 1880. The landowner, in an apparent attempt to gain the value of the improvements on the basis of the fact that the railroad was a trespasser, argued that the date that the application was filed was the date of taking. In holding that the date of entry was the date of taking, the supreme court stated:
“The compensation is assessed, or ascertained, as of the time when the land is taken. Until the taking, whatever may be the other rights of the proprietor, the right to just compensation is not complete. What shall constitute the taking, may vary in different jurisdictions, and may depend, when proceedings for condemnation are resorted to, before an actual appropriation of the land, upon the stage of the proceedings. Where, as in this case, such proceedings are not resorted to, the entry upon the lands, disturbing the possession of the proprietor, followed by the location of the road, and *74 operations for its construction, is the time of taking.”
Mrs. Brasher, however, argues that the holding in Jones does not control the instant case for two reasons. First, she points out that the possession by the railroad in Jones was of a significantly longer duration than the possession by the Board here. She indicates that the Board merely entered the property and drilled a test well and that it capped off the well and left without taking further action. Second, she attempts to distinguish Jones from the case at bar by arguing that the railroad was a trespasser in the earlier case and that the Board entered her property with the permission of a cotenant, her former husband.
We find no merit in Mrs. Brasher’s first argument that we should ignore Jones, supra, and establish the date of taking as the date that the application for condemnation was filed since the Board’s possession of her property was significantly shorter than the railroad’s trespassory occupation in Jones. It has been said that “[b]oth as a matter of history and as a matter of current practice ... eminent domain takings involve the transfer of property interests from an owner to the governmental entity that does the taking.” W. Stoebuek, Nontrespassory Takings in Eminent Domain 18 (1977). The Jones decision clearly indicates that the landowner does not have to transfer an ownership interest to the condemnor. Instead, that decision stands for the proposition that when a landowner parts with a possessory interest, there has been a taking. Here, when the Board entered and began drilling its well, Mrs. Brasher transferred a possessory interest to the Board just as the landowner unwittingly did to the railroad in Jones, supra.
Mrs. Brasher, however, urges us to find that the transfer of a possessory interest to the Board here was somehow different from the railroad’s trespass in Jones, supra, because in the earlier case the possession was “continuous and complete.” We are mindful, of course, that the railroad’s occupation of the lands in Jones lasted for a period of ten years before the application for condemnation was filed and that here the Board’s actual possession of Mrs. Brasher’s property lasted for only a brief time. Testimony on the record indicates that the Board had determined before it sought consent to enter from Lawrence Brasher that if it found water under the land, the property would be acquired. In Nichols’ The Law of Eminent Domain, it is stated that “[t]o constitute a taking there must be an intent on the part of the condemnor to take the condemnee’s property, or, at least, an intention to do an act the natural consequence of which was to take the property” (footnote omitted) and that “[wjhere an entry is made upon the property by the con-demnor and an act committed which indicates an intent to appropriate the property the taking is complete.” (Footnote omitted.) J. Sackman, Nichols’ The Law of Eminent Domain §§ 6.1[1], 6.1[2] (P. Rohan, Rev.Ed.1970). Similarly, the California courts have held that where a condemn- or enters the lands of the condemnee with the intention of taking the property and does some act which is more than an examination or survey, there has been a taking. People v. Joerger, 12 Cal.App.2d 665, 55 P.2d 1269 (1936). Here the Board, even before entering the property, formed the intention to take it if water was found. Thereafter, it drilled a test well and, in fact, discovered water. Despite the fact that the Board capped the well and left the property, it did nothing inconsistent with its intention to acquire the land and the water beneath it. The record indicates that shortly thereafter the Board started negotiations to acquire Lawrence Brasher’s undivided half interest. It was only when Mrs. Brasher refused to sell her interest that the Board instituted condemnation proceedings. Since the Board formed an intent to take the property before its entry, since it actually put the property to some public use by drilling a test well, and since the Board continued to act thereafter in a manner consistent with its original plans, we find that in terms of the California court’s formula in People v. Joerger, supra, the date of entry here was the date of taking.
*75 As to Mrs. Brasher’s second argument that the instant case is distinguishable from Jones, supra, because the railroad was a trespasser there and the Board entered with the consent of her cotenant here, we also find no merit. As a general proposition, courts have been more readily inclined to find that the date of entry was the date of taking when the condemnor’s entry was made with the consent of the landowner. In Wier v. St. Louis, Ft. S. & W.R. Co., 40 Kan. 130, 19 P. 316 (1888), the Kansas court stated:
“The general current of authorities is that in all such cases compensation should be ascertained and assessed as of the time when the property was taken. There is some diversity of opinion as to what constitutes a taking where the right of way is acquired by proceedings in advance of actual occupancy; but where, as in this case, the possession is taken by consent of the owner, followed by the location and construction of the road, the time of going into actual possession is clearly the time of taking, rather than the period of condemnation proceedings, which, for some reason may have been postponed.”
The New Jersey court in Yara Engineering Corp. v. City of Newark, 136 N.J.Eq. 453, 42 A.2d 632 (1945), when faced with a situation where the landowner had given consent for the condemnor to enter, found that the date of entry was' the date of taking. There the city entered into a contract to acquire lands for use in a project. Thereafter, it entered the land but later decided not to condemn a part of the original tract because of financial constraints brought on by the Great Depression. When its financial plight was later alleviated, the city decided to include in its project that part of the land which had originally been excluded and obtained permission from the landowner to reenter. In finding that the date of taking of this portion was the date of reentry with the owner’s consent, the New Jersey court said that the landowner’s “consent to an entry on the lands for the purpose of improving it, created an equity against the owner for conveyance to the city upon payment of such compensation as is equitable to all parties interested” and gave the landowner a right of action against the city. See also Pittsburgh, V. & C. Ry. Co. v. Oliver, 131 Pa. 408, 19 A. 47 (1890); The North Hudson County R.R. Co. v. Booraem, 28 N.J.Eq. 450 (1877). Similarly, our supreme court, in Southern Natural Gas Co. v. Ross, 290 Ala. 195, 275 So.2d 143 (1973), in dealing with interest in connection with a condemnation award has stated that “the law has long been in this state that if a party which has the right to condemn property goes into possession of the property prior to filing condemnation proceedings, the interest begins as of the date of entry.” Thus, where there has been consent, on the part of the landowner for the condemnor to enter his property, the date of entry is the date of taking.
In the instant case, unlike the fact situations in the authorities cited above, consent to enter and drill was given by Mrs. Brasher’s cotenant, Lawrence Brasher, who was also her former husband. Mrs. Brasher claims that this differentiates the case at bar from Jones, supra, and other authorities cited such as Yara Engineering, supra, because the Board’s entry with the consent of her cotenant left her without a remedy against it. She points out in Jones, supra, the supreme court assigned as a reason for finding that the date of taking was the date of entry that the entry of the railroad gave rise to an action for trespass or ejectment in the landowner. She argues that since she had no such remedy here because the consent of her cotenant-husband was effective against her, we should establish the date of taking as the date the application was filed. Our supreme court in its decision of Crommelin v. Fain, 403 So.2d 177 (Ala.1981) has held that a cotenant may deal with a portion of the property equal to his own undivided interest as he sees fit without obtaining the consent of the other cotenants but that he “may not, however, without the consent of the other cotenants convey, lease, license or mortgage an interest in the property greater than that which the individual cotenant owns.” Lawrence Brasher’s consent for the Board to enter *76 was not effective to grant a license for it to drill for and appropriate the éntire amount of water beneath the surface of the land. Thus, Mrs. Brasher, like the landowner in Jones, supra, had a remedy against the entry.
For the foregoing reasons we find that the trial court properly established the date of entry as the date of taking. It was at this time that the Board fixed its intent to take the property for public purposes if it found water. Thereafter, the Board’s action through the drilling of its test well and subsequent efforts to acquire the property by conveyance were made in reference to its original intention to acquire the land. Thus, the date of entry was the date of taking, and Mrs. Brasher cannot be heard to complain that she has been deprived of fair value of her property.
Mrs. Brasher argues that the trial court’s decision to establish the date of taking as of the date of entry and its granting of the motion in limine to limit evidence of reasonable market value to that date deprived her of the ability to offer evidence of the value of the water beneath the surface of the land. In so holding the trial court did nothing more than what was mandated by the supreme court in Jones, supra, where the condemnee was not allowed to offer evidence of the value of the railroad ties and trestles which had been built during the period of trespass. The trial court simply refused to allow Mrs. Brasher to take advantage of the Board’s improvement of the property in building a test well on it. Mrs. Brasher argues that this position prevents her and other landowners involved in condemnation cases from offering evidence of the adaptability of the land for other uses. Our decision in the instant case does not forestall condemnees from offering evidence of the ability of their lands to be used for purposes other than their present use. See Southern Electric Generating Co. v. Leibacker, 269 Ala. 9, 110 So.2d 308 (1959). We are merely saying that here, as in Jones, supra, the landowner may not take advantage of the condemnor’s improvements to enhance the market value of his lands.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.