# Southern Railway Co. *v.* Cowan.

*Bill in Equity to have Deed conveying Right of Way over a Homestead declared null and void, and for the Assessment of Damages for the use of such Right of Way.*

129  577
130  211

129  577
142  641

1.  *Bill to recover compensation for taking and using lands as a right of way; judgment in ejectment suit no bar to maintenance thereof.*—An action of ejectment is not conclusive of the equitable rights and relief of the parties growing out of the subject matter of an ejectment suit; and a judgment in favor of the defendant in an action of ejectment against a railroad company, for a part of its right of way, in which plaintiff claims that the deed by which he attempted to convey to defendant the strip of land sued for is invalid, is no bar to the maintenance by such plaintiff of a bill in equity against said railroad company to recover compensation for the taking and using plaintiff's lands as a right of way.

2.  *Same; administrator proper party on revivor.*—Where the owner, who is a married man, files a bill in equity to recover compensation from a railroad company for damages for using a part of his homestead as a right of way, upon the death of

37

[Southern Railway Co. v. Cowan.]

such owner intestate pending the litigation, the suit should be revived in the name of his administrator.

3. *Same; same; sufficiency of demurrer.*—In such a case, where a bill of revivor is amended so as to make the administrator the only party complainant, a demurrer upon the ground that the heirs of the original complainant "are not made parties to the suit," is not sufficient to raise the question that the said heirs were proper or necessary parties defendant to said bill.

4. *Same; finding of register as to lands taken for right of way.*—On a bill filed seeking to recover compensation from a railroad company for the use of the complainant's lands as a right of way without having properly acquired them, where it is averred in the bill that the defendant had taken and was in possession of a strip of land one hundred feet wide, being fifty feet on either side of the center of the track, and the answer admits that the defendant built its road along said right of way, and had been in possession of said strip of land, and that the complainant was deprived of the use and occupation thereof, the finding by the register, on reference, that the strip of land taken by the defendant for the right of way was fifty feet on either side from the center of the track, is not erroneous, because it is shown by the evidence that the complainant cultivated the land up to or near the road bed; since, unless the cultivation of the land was under claim of adverse right, it will be presumed to have been permissive, and not inconsistent with the defendant's possession and use of its right of way to the extent of the entire one hundred feet.

5. *Liability of railroad for right of way; measure of damages.* Where a railroad company has entered upon the lands of another and constructed its road through them without the owner's consent and without condemnation proceedings, the measure of compensation to which the owner is entitled is the value of the land when taken by the railroad company, and the injury or diminution in value caused to the contiguous lands, together with interest on said sums thus ascertained, from the date of the taking.

APPEAL from the Chancery Court of Etowah.

Heard before the Hon. RICHARD B. KELLY.

The original bill in this case was filed on July 26, 1895, by W. N. Cowan against the appellee, the Southern Railway Company. The facts averred in the original bill show that the complainant, during his life time, was

seized and possessed of 300 acres of land in Etowah county, upon which he resided and made his home; that on August 12, 1886, while so residing upon said land, he executed a deed to one Printup, as president of the Rome & Decatur Railroad Company, conveying a strip of land, not to exceed 100 feet in width, from northeast to southwest across the said 300 acre tract, for the purpose of building and operating a railroad of said company across said land; that at said time the complainant, who was the grantor in said deed, was a married man, residing with his wife and family upon said lands, and that his wife did not join with him in said conveyence; that at the time of the execution of said deed it was represented to the grantor that the line of railroad had been surveyed across said lands, and that the road would be built upon a certain line upon it pointed out to the complainant, and which was described in the bill; and that the deed was intended to convey the strip of land along the line then pointed out; but that said railroad company located and constructed its line of railroad at a different point. It was further averred in the bill that the Rome & Decatur Railroad Company built its railroad during the year 1886, and that said railroad company and its successors have been in possession of said strip of land ever since, operating a railroad through and upon it; that said strip of land occupied by the railroad is 100 feet wide; that the Rome & Decatur Railroad Company sold to the East Tennessee, Virginia & Georgia Railroad Company, and that the latter company sold to the Southern Railroad Company, the defendant in the present bill; that the defendant is now operating a railroad though and upon said strip of land. It was further averred in the bill that upon May 7, 1895, the complainant, W. N. Cowan, filed his declaration of claim of homestead in the office of the judge of probate of Etowah county, selecting and claiming out of the tract of 300 acres on which he resided, 160 acres, as a homestead; that the line of railroad in question was located across this 160 acres. It was also averred in the bill that the Rome & Decatur Railroad Company forcibly took possession of a strip of land different from that conveyed in the complainant's deed and built its railroad thereon.

[Southern Railway Co. v. Cowan.]

The prayer of the bill was that the deed conveying the strip of land to the railroad company be declared null and void, and that a decree be rendered that the defendant and those under whom it claimed wrongfully took possesion of said lands, and that a reference be had to ascertain how much of the complainant's land has thus been appropriated, its value and the interest thereon; the damage to the balance of the land and the value of the use and occupation of said strip; and that the defendant be required to pay the aggregate of said several sums to the complainant, and that if the defendant fails or refuses to pay said sum, that an injunction be issued to restrain the defendant, its officers and agents, from operating the said railroad over, through and upon said strip of land until the defendant pay or cause to be paid complainant's damages and cost of suit to be ascertained. There were attached to the bill as exhibit A the deed from W. N. Cowan to D. S. Printup, as president of the Rome & Decatur Railroad. This deed, after reciting that the Rome & Decatur Railroad Company was about to construct its railroad from Rome to Decatur, which was to pass through the south half of section 9, township 11 and range 7, then continued as follows: "Now, in consideration that the said railroad of the said Rome & Decatur Railroad Company shall be built and for and in consideration of the sum of ........ dollars paid, the receipt whereof is hereby acknowledged, W. N. Cowan, of the county of Etowah, State of Alabama, does hereby give, grant and convey unto D. S. Printup, president, etc., of the said R. & D. R. R. Co., his successors or assigns in fee simple, a strip of land along such line as may be adopted by the said company, of sufficient width through said land, the premises afore-described, conveniently to build said railroad, as well as all side tracks and turn-outs, and necessary and sufficient for all purposes of keeping up and repairing the same not to exceed fifty feet from the center of the main line to each side, making said strip not to exceed one hundred feet, full width, together with all the rights and appurtenances to said strip of land belonging and appertaining," etc.

Pending this bill the complainant died. Thereupon, Catherine R. Cowan, as administratrix and widow of William N. Cowan, deceased, and A. J. Wilson, as administrator of the estate of said William N. Cowan, deceased, and the heirs-at-law of said William N. Cowan, filed a bill of revivor and supplement on February 27, 1896, wherein the death of the original complainant was averred, and it was further averred that the lands, which had been set apart to the original complainant as a homestead, were duly set apart to Catherine R. Cowan, widow of the deceased, W. N. Cowan, as her homestead under the statute; and that said lands were so set apart to her under proper proceedings of the probate court. It was then prayed in said bill of revivor and supplement that the said suit should stand revived in the name of the complainants in the bill of revivor and supplement, and that said suit should be carried on and prosecuted between the parties in like manner as it would have been between the parties to the original suit.

The bill was subsequently amended by averring that the estate of the deceased, William N. Cowan, exceeded in value and area the exemptions allowed by statute; and that the 160 acres set apart to the widow did not exceed $2,000, and it was set apart in regular proceedings in the probate court; these proceedings being averred in detail.

To the bill as revived, supplemented and amended, the defendant demurred, assigning many grounds therefor. From a decree sustaining several of the grounds of demurrer an appeal was prosecuted to this court. This decree was reversed, and the cause remanded. After the remandment of the cause the bill was further amended by striking out therefrom the names of the widow and heirs-at-law of said W. N. Cowan, deceased, as parties complainant. To the bill as last amended the defendant refiled the same grounds of demurrer which were formerly interposed, and moved the court to dismiss the bill for want of equity. Upon the submission of the cause upon the demurrers to the amended bill and the motion to dismiss for want of equity, the chancellor rendered a decree overrul-

ing said demurrer and motion. Thereupon the defendant filed its answer, in which it admitted the deed which was attached as an exhibit to the bill was a correct copy of the deed from W. N. Cowan to Printup, in which it conveyed the right of way to the Rome & Decatur Railroad Company; that at the time of the execution of said deed W. N. Cowan resided with his family upon the said lands; that the Rome & Decatur Railroad Company and its successors have been in possession of said strip of land described in the original bill since the execution of the deed, operating its road over and upon it from Decatur to Attalla, Alabama. In said answer it is denied that any part of the lands through which the railroad ran was occupied as a homestead by W. N. Cowan and his family on August 12, 1886, and it was further averred in said answer that although W. N. Cowan had filed the paper seeking to claim the lands across which the railroad was constructed as a part of his homestead, the respondent denied that said claim could, in any way, affect its rights, and further denied that the claim to said lands as a homestead by Catherine R. Cowan, the widow of W. N. Cowan, in any wise affected the respondent's rights to its right of way, and further denied that the construction of said road had damaged said lands in any respect as averred in said bill. As part of said answer the respondent filed a plea in which respondent "says that heretofore, to-wit, on the . . . . day of . . . . . W. N. Cowan brought his action of ejectment against the defendant for said strip of land in the city court of Gadsden, a court having full jurisdiction of the parties and subject matter, and on said trial the question of said lands being a part of the homestead of said Cowan at the time of his deed to said Rome & Decatur Railroad Company was involved, and was adjudicated adversely to said Cowan, which said judgment is still of full force and effect and unreversed, and a copy of the same is hereto attached and marked exhibit A and made a part of this answer, and respondent says that said question of said strip of land being any part of the homestead of said W. N. Cowan thereby

became *res adjudicata,* and is conclusive upon complainants who succeeded only to the rights of said W. N. Cowan, deceased."

There was also included in said answer many grounds of demurrer, which may be summarized as follows: 1. Said bill shows on its face that there was no right of action in W. N. Cowan at the time of the filing of the original bill. 2. It shows on its face that respondent has been for more than ten years before the bringing of said action in open, notorious, continuous possession of said lands claiming them as its own, and is barred by the statute of limitations of ten years. 3. It shows on its face that said claim for damages is for a trespass and is barred by the statute of limitations of six years. 4. Said bill shows on its face that it is without equity. 5. Said bill shows on its face that the complainants therein have a full, complete and adequate remedy at law. 6. Said bill shows on its face that the administrators of W. N. Cowan, deceased, are improper parties to said bill of complaint. 7. It shows on its face that W. N. Cowan was estopped by permitting said road to be built, and money expended in building the same without objection on his part, and that complainants can have no greater right than he had 8. It shows on its face that the Rome & Decatur Railroad Company and the East Tennessee, Virginia & Georgia Railway Company are necessary parties respondents. 9. Said bill shows on its face that complainants can not recover damages that have accrued since the homestead was set apart to Mrs. Cowan. 10. Said bill shows on its face that Catherine R. Cowan is the only proper party complainant to said bill. 11. Because said bill shows on its face that prior to the taking of said lands complainant's intestate and the Rome & Decatur Railroad Company agreed upon compensation for the right of way over and across said lands, and the injuries done the adjacent lands, and that complainant's intestate received the compensation so agreed upon. 12. Because said bill shows on its face that prior to the taking of said lands complainant's intestate and the Rome & Decatur Railroad Company agreed between themselves that the building of

[Southern Railway Co. v. Cowan.]

said railroad over and across said lands should compensate complainant's intestate for the taking of said lands and the injury to the adjoining lands. 13. Because the heirs-at-law of W. N. Cowan, deceased, are not made parties to the suit."

The complainants filed exceptions to the plea interposed by the respondents and challenged its sufficiency as an answer to the bill of complaint. On the submission of the cause upon the sufficiency of the plea and the demurrer to the bill, the chancellor rendered a decree declaring said plea insufficient and overruling said demurrer. The other facts of the case are sufficiently stated in the opinion.

On the final submission of the cause on the pleadings and proof the chancellor decreed that the complainant was entitled to the relief prayed for and ordered a reference before the register to ascertain, and directed him to report, the amount of damages to which the plaintiff was entitled, and directed that in holding such reference the register should ascertain the value of that portion of the land which was taken and occupied by the railroad of the defendant, being fifty feet on either side of the center of the track, also the damage done to the remainder of said lands, and further that the register would compute the interest on both of said items from the date of the taking of said road by the defendant or its predecessors, to the date of the making of the report. Subsequently the defendant filed a petition, in which it averred that the evidence in the cause showed that not so much land as fifty feet on each side of the road bed from the center of the track had been taken and occupied by the defendant, and that the pleadings and evidence showed that the defendant's predecessors went into the possession of said lands under and by the express permission of the complainant's intestate; that said intestate attempted to convey to the defendant's predecessor said strip of land for a recited consideration, as shown by the deed attached to the bill, and that after making said attempted conveyance and the building of said railroad, the plaintiff's intestate waited several years before filing the bill

[Southern Railway Co. v. Cowan.]

in this case. In said petition the respondent prayed for a modification of said former decree, so as to direct the register to ascertain the amount of land actually taken and the value thereof, and that the register calculate the interest on the amount of damages ascertained from the date of the filing of the bill instead of from the date of the taking of the land. The chancellor overruled this petition and refused to modify said decretal order, but respondent filed exceptions to said report, raising the same questions as those recited by the petition for a modification of said decree. These exceptions were overruled, and upon the submission of the cause upon the report of the register, said report was confirmed, and a decree was rendered accordingly. The respondent appeals, and assigns as error the rendition of the several decrees above referred to.

BURNETT, HOOD & MURPHREE, for appellant.—A judgment in ejectment is conclusive between the parties in all cases except in a second action of ejectment. *Shumake v. Nelms,* 25 Ala. 135; *Carlisle v. Killebrew,* 89 Ala. 333.

On the subject of compensation we respectfully call attention to *Burrow v. Terre Haute & L. R. Co.,* 29 Am. & Eng. R. R. Cases 574; *Charlton, etc., R. R. Co. v. Leech,* 43 Am. & Eng. R. R. Cases 588, also 38 Am. & Eng. R. R. Cases 657.

JAMES AIKEN, *contra.*—The heirs-at-law were not necessary parties defendant to the bill in this case. *A. & F. R. R. Co. v. Burkett,* 43 Ala. 83; 10 Am. & Eng. Ency. Law (2d ed.), 1196, note 1; 1197, note 6; *N. O., etc. R. R. Co. v. Jones,* 68 Ala. 48, and authorities.

The plea of *res adjudicata* interposed by the defendant presented no bar to the maintenance of the present suit.—*Smart v. Kennedy,* 123 Ala. 627; *Greenwood v. Warren,* 120 Ala. 71.

The rule of damages in this State is the value of the land actually taken and damage to the remaining portion, and interest on the same from the time of the taking.—*Jones v. R. R. Co.,* 70 Ala. 227; *M. & O. R. R. Co. v. Eustis,* 122 Ala. 249.

HARALSON, J.—The decision in this cause on a former appeal (118 Ala. 554) is a virtual determination of most of the questions now presented.

1. It is set up in the answer, that the owner of the land, W. N. Cowan, in his lifetime, brought ejectment in the city court of Gadsden for the strip of land used as a right of way by the defendant company, and on the trial of said cause, the question of said strip being a part of the homestead of said Cowan, at the time of his said deed to the Rome & Decatur Railroad Co. was involved, was adjudicated adversely to said Cowan, and such adjudication is conclusive on the complainants who succeeded to the rights of the said Cowan. Such an adjudication would not have barred the right of the owner to bring his second action of ejectment for the same land.—Code, § 1554. The complainants here are seeking to enforce an equitable right. An action of ejectment is not conclusive of the equitable rights and relations of the parties growing out of the subject matter of the ejectment suit. That suit could be maintained or defended, only, on a legal right to the possession, without regard to the equities.—*Harper v. Campbell,* 102 Ala. 343. The plaintiff in said ejectment suit as we have more than once decided, might have been estopped to maintain it, and that fact might work no estoppel against him from claiming just compensation for the land taken by the company.—*Southern R. Co. v. Hood,* 126 Ala. 312, and authorities there cited; *Cowan v. Southern R. Co.,* 118 Ala. 561; *Williamson v. Mayer,* 117 Ala. 253; *Smart v. Kennedy,* 123 Ala. 627.

2. It is not true as contended in argument, that it appears by the bill, that W. N. Cowan had received in his lifetime compensation for the right of way taken. It is averred in the bill, that there was no consideration for said deed which purports to convey a right of way, except that expressed in the deed itself exhibited to the bill. The deed, which is not disputed, shows no consideration in money paid, nor is there any evidence, that the instrument was not entirely voluntary.

3. To the bill as revived and amended, the heirs of

Cowan were made parties complainant, as was his widow. It was demurred to, because of misjoinder of the widow and heirs as complainants, which demurrer was properly sustained, as was held on former appeal. We then said: "The recovery whatever it may be, will be assets of the estate of the husband, to be disposed of in due course of administration. It was proper, therefore, to revive the suit, on the suggestion of the death of the husband, in the name of his administrators, but there was a misjoinder as was held by the court below, in the bill of revivor, in making the widow of the deceased and his heirs' parties complainant." Accordingly the bill was properly amended, leaving the administrators the only parties complainant. Now it is objected, on demurrer, that the heirs of W. N. Cowan are not made parties to the suit.

As it appears, the heirs, in the bill of revivor, were made parties complainant, and were stricken because of an objection by defendant on demurrer of their misjoinder. The defendant, thereafter, again demurred because,—to state the objection as made,—the heirs "are not made parties to the suit." Without deciding whether they are proper or necessary parties defendant or not, it is sufficient to say, that the demurrer is not apt to raise that question. It refers to them as not being parties complainant, as well as to their not being defendants. If the demurrer refers to them as complainants, that question was decided at the instance and in favor of defendant, on the former appeal; if to them as defendants, the demurrer does not raise the question, and there was no error in overruling it.

4. It is objected again, that the register erred in his finding that the lands taken for the right of way, were 50 feet on each side of the center of the track through 110 acres of the land, amounting to six and three-fourths of an acre, whereas, the proof showed, that only about two acres were in possession of the company—the land being in cultivation up to the road-bed. But, there is no merit in this objection. The bill alleged that defendant had taken and was in possession of the 100 feet, and the answer admits that the road was built in 1886, by the Rome & Decatur Railroad Company, "and [that]

railroad and its successors have been in possession of said strip of land ever since, operating its railroad through and upon it, from Rome, Georgia, to Attalla, Alabama, and that defendant is now in possession of and occupying the same, and that complainant has been deprived of the use and possession of said strip of land ever since it was taken possession of by the Rome & Decatur Railroad Company." The fact that complainant cultivated the land up to or near the road-bed, if true, unless under a claim of adverse right, which is not shown, was presumptively permissive, and not inconsistent with the defendant's ownership and possession of its easement in the entire 100 feet.

5. On the former appeal we held, consonant with our rulings on the subject previously and since, and the rule generally obtaining, that just compensation for the land, at the time of the taking, paid before, or concurrently with its appropriation, with interest thereon, is the right of the owner seeking compensation.—*Jones v. N. O. & S. R. R. Co.*, 70 Ala. 227; *First Nat. Bank of Gadsden v. Thompson*, 116 Ala. 166; *Mobile & Ohio Railroad Co. v. Postal Tel. Co.*, 120 Ala. 21; *M. & O. R. R. Co. v. Hester*, 122 Ala. 252.

We have passed on all the questions needing consideration, and no errors appear.

Affirmed.

