213 So.2d 912

**ALABAMA POWER COMPANY**

v.

**John N. NICHOLS et al.**

**6 Div. 915.**

Supreme Court of Alabama.

May 30, 1963.

Rehearing Denied June 20, 1963.

Wiggins, Fite & Wiggins and Arthur Fite, Jr., Jasper, and Martin, Vogtle, Balch & Bingham and Jas. H. Hancock, Birmingham, for appellant.

Tweedy & Beech, Jasper, for appellees.

SIMPSON, Justice.

Appeal from a judgment rendered on a jury's verdict in a condemnation proceeding in the Circuit Court of Walker County.

The proceeding was instituted by Alabama Power Company in the probate court of Walker County, to acquire flood rights necessary to the operation of an electric generating plant located in Lewis Smith Dam across the Sipsey Fork of the Black Warrior River.

The probate court entered a final order of condemnation awarding appellees a certain sum as compensation and granting Alabama Power the rights it sought. Alabama Power filed in the probate court on September 10, 1960 its notice of appeal to the circuit court.

Appellees found it necessary to procure counsel for the pending trial in the circuit court. Alabama Power made the necessary bond and went into possession of the condemned land. A jury trial was demanded by the Power Company.

The case was set down for trial three times and finally tried on March 12, 1962, some 18 months after the notice of appeal. During all this time Alabama Power was in possession of the land, having flooded some of it permanently.

Before trial the attorneys for the parties agreed that the only issue to be tried was the amount of compensation allowed appellees for the condemnation. Before trial was commenced, but after the pleadings were settled, Alabama Power made a motion to dismiss its appeal. The lower court overruled the motion, tried the issue, the jury returning a verdict awarding appellees the sum of $20,000.00. There was competent testimony by appellees' witnesses which if believed by the jury would support this assessment. We also make note that the jury viewed the premises. Alabama Power filed motions to amend the judgment and for a new trial, both of which were denied.

The principal issue before the Court appears to be one of first impression in this state and may be simply stated, viz: Does the party taking an appeal in a condemnation proceeding from the probate court to the circuit court have the absolute, unqualified right to dismiss said appeal after the same has been effectively taken? Analogies, pro and con, from other jurisdictions are cited, but we think the point can be correctly resolved from rationale in our own cases.

■ There can be no doubt that the case, on appeal in a condemnation proceeding from the probate court to the circuit court, is tried de novo and the condemnor remains the party plaintiff. § 17, Title 19, Code of Ala.1940, and annotations.

The proceeding in the circuit court being of this general character, the rule concerning dismissal of lawsuits announced in Baldwin v. Roman, 132 Ala. 323, 31 So. 596, would be here apposite. Quoting from the opinion of the Court:

"* * * the plaintiff has, subject to certain exceptions, the absolute right, before or after issue joined and at any time before verdict rendered, to dismiss his suit or take a voluntary nonsuit. [Citing cases.]

"This rule seems to be of universal application, except where by the proceedings, or by decree, whether final or interlocutory, the rights of a defendant have been so affected, or determined, as that the dismissal would prejudice them; * * *." [Citing cases.]

■ "Prejudice", a term of art used in legal parlance, has many wide and diversified meanings. In the case at bar there can be no real doubt that appellees were prejudiced by the Power Company's appeal to the circuit court. Appellees were required to hire counsel, seek out witnesses, and generally prepare for the pending trial. Alabama Power took possession of the land having made the requisite bond in probate court, and consequently flooded some of the land permanently, making it unsuitable for private use. Many of the roads leading to the riverfront property were damaged by the Power Company trucks. The probate award was all the while drawing no interest pending the appeal, being merely held in the probate court. Under these circumstances there can be no other finding than prejudice

■ The time element has a direct bearing on the prejudice suffered by appellees. Rather than seeking to dismiss the appeal at the first reasonable opportunity, Alabama Power waited some 18 months, after the case had been set for trial three times, pleadings settled, issue agreed upon between the parties, and when time had long since expired for the filing of a cross-appeal or an appeal by appellees. It is a general proposition that motions to dismiss must be made without undue delay. Street v. Street, 113 Ala. 333, 21 So. 138.

In Jefferson County v. Adwell, 267 Ala. 544, 103 So.2d 143, which is practically identical on its facts with the case at bar, except that the landowner appealed to the

circuit court and the condemnor sought to abandon and dismiss the entire condemnation proceeding, retreating from its position that the land had been properly condemned. The circuit court refused to allow dismissal and this Court affirmed its action. The Court went into an extensive treatment of the general right to abandon condemnation proceedings, determining that a condemnor may not abandon the condemnation proceedings, in toto, after appeal to the circuit court and still retain possession of the condemned property. We also held that a landowner had at least a vested right to be compensated and to have the amount of compensation determined in the pending condemnation proceeding. Quoting from the opinion of the Court:

> "At the time the condemnor sought to abandon the proceeding, the easement in the suit property had not been fully acquired, but as shown above, the condemnor had taken complete possession of the property and had so used it that it was unsuitable for private use. The landowner had, at that time, at least a vested right to be compensated, and to have the amount of compensation determined in the condemnation proceeding then pending. § 235 Constitution of 1901."

We are at the conclusion, therefore, that the trial court ruled correctly in refusing to dismiss the appeal of Alabama Power Company on its own motion.

Alabama Power Company also contends that the trial court erred in allowing the testimony of one Johnnie Meyers over general objection, which was to the effect that Meyers had sold a pipeline easement for $2,000.00 per acre when no proper predicate had been laid for admission of such testimony. It appeared that the matter was first inquired into by counsel for the Power Company on cross-examination of this witness and later fully inquired into by appellees' counsel. We fail to apprehend error here. Other points aside, the matter having been first brought out by the party now complaining, we cannot put the court in error for allowing the full inquiry. Catts v. Phillips, 217 Ala. 488, 117 So. 34; Ford v. Bradford, 218 Ala. 62, 117 So. 429.

Appellant makes the point here, having raised it in its motion for a new trial, that the verdict of the jury was excessive so as to show the same was the product of bias, prejudice, or other improper motive. But we are not persuaded. There was ample evidence supportive of the award. There was also evidence setting the compensation at a considerably lower figure. This presented a proper jury question and was so resolved by a jury.

On a careful study, we do not think error prevailed in the rulings complained of.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.