275 So.2d 138

**SOUTHERN NATURAL GAS COMPANY, a corporation,**

v.

**Kenneth ROSS and Evelyn Ross.**

**6 Div. 96.**

Court of Civil Appeals of Alabama.

Feb. 16, 1972.

Rehearing Denied March 29, 1972.

Huey, Stone & Patton, Bessemer, for appellant.

Lee Bains, Bessemer, for appellees.

BRADLEY, Judge.

The appellant, Southern Natural Gas Company, on April 22, 1965 filed a petition in the Jefferson County Probate Court,

Bessemer Division, seeking to have condemned a right-of-way across the property of the appellees, Kenneth Ross and his wife Evelyn. The Probate Court appointed three commissioners to ascertain the amount of compensation that should be awarded to the appellees for the taking of their land. A report was made to the Probate Court by the commissioners recommending an amount of $1,150 be awarded to the property owners as compensation for the taking of their property, which sum was paid into court by the condemnor. By this same order the condemnor was given the right to immediate possession of the property. From the Probate Court's decree, appellant on June 29, 1965 appealed to the Jefferson County Circuit Court for a trial de novo. Thereafter, on July 9, 1965, appellees cross-appealed. Then, on July 26, 1965, appellant filed a supersedeas bond in double the amount of compensation awarded so that it might have right of entry pending appeal to the Circuit Court.

In the Circuit Court there was a stipulation filed whereby the parties agreed that the only issue before the court was the amount of damages due the property owners as compensation for the taking of their property.

After a jury trial there was a verdict for $1,600, with interest thereon from April 23, 1965, returned in favor of the property owners. Judgment was rendered in accordance with the verdict.

There was a motion for new trial with appellants contending that the verdict was excessive and that no interest was due the property owners.

Motion for new trial was overruled with the proviso that the date from which interest was to be computed be changed from April 23, 1965 to June 22, 1965, and remittitur of the appropriate amount of interest be made. Appeal to this court is from the order overruling the motion for new trial.

There are two assignments of error. One contends that the trial court erred in charging the jury that the condemnees were entitled to interest on their award, and two, that the verdict of the jury awarding compensation in the amount of $1,600 was excessive.

■ Appellant says that the appellees are not entitled to interest on the award made to them in the Circuit Court for the reasons that there is no evidence in the record as to when or if condemnor took actual possession of the premises in question, and that the condemnees appealed from the final order of condemnation and award of the Probate Court to the Circuit Court for a trial de novo.

Appellant relies on the case of McLemore et al. v. Alabama Power Co., 285 Ala. 20, 228 So.2d 780, as authority for its position.

In *McLemore,* the Probate Court had condemned certain property to the use of the condemnor and had awarded a certain sum to the condemnee as damages for the taking.

The condemnor, apparently being dissatisfied with the award, appealed to the Circuit Court, filed a bond in double the amount of the Probate Court award, and then took actual possession of the property condemned. The jury later returned a verdict for a much smaller amount due as compensation for the taking.

The condemnee requested, but the Circuit Court refused to give to the jury, a requested charge directing them to assess interest computed on the basis of 6% of the amount of the award from the date of the actual possession of the property.

The Supreme Court reversed the trial court and said:

"We are also of the opinion that the rule of *Adwell* [Jefferson County v. Adwell, 267 Ala. 544, 103 So.2d 143] is correct in allowing interest from the day on which condemnor takes possession of the condemned property until the day of the judgment in the circuit court.

\*    \*    \*    \*    \*    \*

". . . The better view seems to be

that the award of interest, where the condemnor has occupied the property, is to compensate the owner for his loss resulting during the time and from the fact that, during the interest period, he had been deprived of both his property and his payment in money for the property.

\* \* \* \* \* \*

"During the time between the condemnor's taking actual possession and the jury's award, the owner is deprived of the use of his land and also of the use of the money due him for the land. The condemnor is also deprived of the use of the money it has paid into court but the condemnor does have the use of the land. When a loss must fall on one or the other of the two parties and neither has been guilty of unlawful conduct, it is just that the loss should fall on the party who initiated the proceedings which caused the loss instead of on the party who is wholly without fault and did not initiate the proceedings."

Appellant contends that the Supreme Court in *McLemore* lays down a hard and fast rule that for a condemnee to be entitled to interest on his award, there must be actual possession of the property by the condemnor and that he appealed the case to the Circuit Court.

And appellant says further that the facts of the case at bar do not bring it within the rule of *McLemore*.

It is true that in *McLemore* there was evidence that the condemnor took actual possession of the property apparently shortly after it obtained the right of entry, and that the condemnor appealed to the Circuit Court the award made by the Probate Court.

It should be pointed out that *McLemore* follows the rule laid down in Jefferson County v. Adwell, 267 Ala. 544, 103 So.2d 143. In *Adwell* the condemnee appealed to the Circuit Court, not the condemnor. Furthermore, the condemnor took actual possession only after it had posted the re-

quired bond. It would seem that the Supreme Court does not place any great significance, in deciding whether the condemnee is entitled to interest as a part of the damages due him, on which party appeals to the Circuit Court from the Probate Court award.

In the case at bar the condemnor obtained the right of entry simultaneously with the order of condemnation by virtue of having paid the amount of the award into court; and, even though condemnor appealed to the Circuit Court, it did not lose the right of entry previously obtained because it filed the bond prescribed by Title 19, Section 18, Code of Alabama 1940, as Recompiled 1958.

Therefore, condemnor obtained the right to possession of the property condemned on June 22, 1965.

We are of the opinion that the rationale underlying the rule adopted in *Adwell* and *McLemore* applies with equal force to the facts in the case at bar.

It is said in *McLemore* that the purpose of the rule is to compensate the condemnee for his being deprived of his land, as well as the money due him for his land as a result of the appeal, and that if any loss is to be suffered by one of the parties due to the delay caused by the appeal, it should be the one who initiated the proceedings.

In the present case the appellant condemnor initiated the proceedings not only in the Probate Court, but also in the Circuit Court. Moreover, the condemnor not only deprived the condemnees of their money by appealing the award, but also effectively deprived them of the use of their property by posting the required bond and paying the award into court and thereby obtaining the right to enter upon the land at any time it might be deemed expedient.

It is readily conceded that in *McLemore* the facts show that the condemnor took actual possession of the property condemned as of a certain date and that the facts in the instant case do not show any physical

possession. Yet we conclude that the condemnees have been just as effectively deprived of their property as if the condemnor had taken actual physical possession.

The basis of our conclusion is the order of condemnation which shows that the award was paid into court, and based on that circumstance the Probate Court gave the condemnor the right of possession of the property and this right was not suspended by the condemnor's subsequent appeal for the reason that a bond in the prescribed amount was filed.

The right of entry was thus reposed in the condemnor and it could exercise it at any time it chose, and this Damocles sword dangling over the head of the condemnees just as effectively deprived them of their property as if the condemnor had taken possession by moving a ditch digging machine onto the property and started digging the trench wherein the gas line was to be placed. Under these circumstances there was no use to which the property could be put without there always being the possibility of the condemnor asserting its right to actual possession, thus destroying any use that condemnees might have been making of the property.

As we see it, such a situation does not present a practical difference from the situation related in *McLemore*, although the facts in the two cases are different.

We therefore find no error in the trial court's order overruling the motion for new trial wherein it fixed the date for the computing of interest on the award of compensation as June 22, 1965, the date on which the condemnor acquired the right to possession of the property and the right to enter thereon.

■ Appellant also says that the jury verdict awarding condemnees $1,600 for their property is excessive

In 1963 appellees purchased a lot in a subdivision which is now a part of the City of Bessemer, Alabama.

The lot is 210′ by 210′, which is approximately an acre in size. It is located on a dirt road that is privately owned. There was available to it in 1963, electricity and telephone service, but no city water service. The lot was fairly level and unimproved. Appellees paid $600 for this property.

In 1965 appellant was seeking right-of-way for a pipe line in that area of Jefferson County, and the route of the pipe line lay across appellees' property. Appellant needed a 60′ strip across this one acre of land. Appellees were offered $600 for this strip of land; they refused the offer and condemnation resulted.

At the time the petition was filed—April 23, 1965—the general area was beginning to grow due to the construction of houses, schools, etc. Also at this time the City of Bessemer was extending its water mains into the area.

The testimony introduced by appellant as to the value of the land taken by the condemnation ranged from $187.50 to $600. Testimony placed in the record by appellees as to the value of the land taken ranged from $1,750 to $2,600. The verdict of the jury fixed the compensation due the appellees for the loss of their property at $1,600.

There being a clear conflict in the evidence as to the value of the parcel of property taken by condemnation, and since the jury and trial court heard and observed the witnesses while they testified and the trial court having overruled the motion for new trial based on the excessiveness of the verdict, we do not believe that we should substitute our judgment for the judgment made by the jury and trial court unless it has been clearly shown that the amount of the verdict resulted from passion, prejudice, corruption or mistake. Avco Corp. v. Richardson, 285 Ala. 538, 234 So.2d 556.

A careful reading of the evidence convinces us that the jury's verdict was not so influenced.

**630**

We therefore find that the contention of appellant that the verdict of the jury was excessive is without merit.

No reversible error having been argued, this case is affirmed.

Affirmed.

## ON REHEARING

Appellant, in its application for rehearing, contends that the Supreme Court laid down a hard and fast rule that interest in condemnation cases can only be awarded in those instances where there is actual possession taken of the property condemned, and insists in the instant case that inasmuch as the record reflects no actual possession, condemnee cannot be awarded interest.

We do not interpret *McLemore* and *Adwell* as standing for any such proposition.

Actual possession of the property condemned was taken by condemnor in both *McLemore* and *Adwell,* and the court said in *McLemore* that the purpose of awarding interest to the condemnee was to compensate him for the loss of his property and the failure to receive the money to which he was entitled.

The court said that during the period between actual possession and the jury's verdict, condemnee had been deprived of the use of his property and also the use of the money due him. By the same turn of events, condemnee in the case at bar, even though the record fails to reveal that actual possession was taken, has nevertheless been denied, just as effectively, the use of his land and the use of the money due him for his land, for at any time, night or day, during any day of the week or month, condemnor could have entered upon the property condemned and started digging the trench in which to lay the pipe.

We say that the facts in the case now before us bring it within the purview of the rule enunciated in *McLemore* because there is no practical difference in the effect on the condemnee of the actual taking of his property or the placing of him in a position of not knowing from one minute to the next when actual possession will be taken by the condemnor. For all practical purposes the effect is the same: Condemnee has been effectively deprived of any worthwhile use of his property.

Opinion extended.

Application for rehearing overruled.