275 So.2d 143

## In re SOUTHERN NATURAL GAS COMPANY, a corporation

### v.

### Kenneth ROSS et al.

**Ex parte Southern Natural Gas Company, a corporation.**

**SC 46.**

Supreme Court of Alabama.

March 8, 1973.

Rehearing Denied April 5, 1973.

Huey, Stone & Patton, Bessemer, for petitioner.

Lee Bains, Bessemer, for respondents.

MERRILL, Justice.

Petitioner, Southern Natural Gas Company, filed a petition to condemn a right of way across the Ross property on April 22, 1965. The probate court ordered the condemnation and both parties appealed to circuit court. More than five years later, the cause was tried to a jury and Ross and his wife were awarded $1,600.00 and interest. Petitioner appealed to the Court of Civil Appeals and the judgment was affirmed, 49 Ala.App. 625, 275 So.2d 138. We granted the writ of certiorari and the cause was argued and submitted in this court on February 13, 1973.

The two questions raised in the Court of Civil Appeals were whether the condemnees were entitled to interest, and if so, when it began, and secondly, whether the amount of the award was excessive.

The amount of compensation awarded was within the range of the testimony and we agree with the opinion of the Court of Civil Appeals on that question. We also agree with that court that the condemnees were entitled to interest, but we disagree with the date in the opinion from which the interest is to be computed.

Both the trial court and the Court of Civil Appeals fixed the date for the beginning of interest as June 22, 1965. The opinion we are reviewing does not state what happened on June 22, 1965, but the briefs of all parties and the record show that June 22 was the date of the order of the *probate court* condemning the property after showing that the amount of the award had been paid into court.

The opinion of the Court of Civil Appeals states:

"In the case at bar the condemnor obtained the right of entry simultaneously with the order of condemnation by virtue of having paid the amount of the award into court; and, even though condemnor appealed to the Circuit Court, it did not lose the right of entry previously obtained because it filed the bond pre-scribed by Title 19, Section 18, Code of Alabama 1940, as Recompiled 1958.

"Therefore, condemnor obtained the right to possession of the property condemned on June 22, 1965."

Title 19, § 16, Code 1940, requires the probate court to "make orders of condemnation in pursuance thereof (the report of the commissioners) upon the payment of the damages and compensation so assessed and reported or the deposit of the same in court."

Here, the amount of the award was paid into court and the probate court properly condemned the property for the right of way and properly entered in its judgment that "the petitioner hereby is given and awarded the right to the immediate possession of the property hereinafter described for the uses and purposes set out in the said petition."

The trial court and the Court of Civil Appeals treated this probate court judgment as final and said that the "condemnor obtained the right to possession of the property condemned on June 22, 1965."

■ The only times such a probate court judgment becomes final are those where the condemnee accepts the award and no appeal is taken by either party within thirty days. When this happens, the condemnation proceeding is ended and there is no interest, and the question of interest does not arise.

■ We think the import of Chapter 1, Eminent Domain, Tit. 19, §§ 1–31, is that, except for situations described in the preceding paragraph, the judgment in the probate court is not final or absolute. To illustrate, we cite two sections. Section 17 provides:

"Any of the parties may appeal from the order of condemnation to the circuit court of the county within thirty days after the making of the order of condemnation, by filing in the court rendering the judgment, a written notice of ap-

peal, a copy of which shall be served on the opposite party, or his attorney, and on such appeal, the trial shall be de novo, and it shall be necessary to send up the proceedings only as to the parties appearing or against whom an appeal is taken."

Either party has the right to appeal and the trial is de novo. On appeal under this section, we have held that the court tries de novo not only the question of damages and compensation but also the right to condemn under Tit. 19, § 7; with the question of damages and compensation being a question for the jury, and the right to condemn to be determined by the court without the aid of the jury. Housing Authority of City of Jasper v. Deason, 284 Ala. 431, 225 So.2d 838; Cooper v. State, 274 Ala. 683, 151 So.2d 399; Calhoun County v. Logan, 262 Ala. 586, 80 So.2d 529; City of Birmingham v. Brown, 241 Ala. 203, 2 So.2d 305.

Title 19, § 25, provides:

"The applicant may pay the damages and compensation assessed at any time within six months after the assessment thereof, or, in case an appeal is taken, within six months after the appeal is determined; but if he fails to pay the same within such time, such assessment shall cease to be binding on the owner of the lands or other party interested therein, and the rights of the applicant thereunder shall determine; and, upon such failure, the applicant shall be liable to the owner or other party for all damages the latter may have sustained by the institution of such proceedings, including a reasonable attorney's fee for defending the same."

It is apparent that condemnation proceedings may go through the circuit court, but if the award has not been paid into court, perhaps because the condemnor considered the award excessive, then the order of condemnation is no longer effective, nor is the amount of the award payable to the land-owner.

In Alabama Midland Railway Co. v. Newton, 94 Ala. 443, 10 So. 89, this court, per Coleman, J., the grandfather of Mr. Justice Coleman of the present court, said:

"Under our system, not only must the compensation be paid as a condition precedent to the vesting of the title, but a time is fixed within which it must be paid, or the rights of the applicant will determine. It seems clear from the statute that its purpose was not to give to the verdict of the jury and the order of condemnation the force and effect of an absolute judgment, conclusive for all purposes and time upon the parties. It is conclusive for a period of six months, in so far as it adjudicates the amount of compensation to be paid by the applicant, and his right to the land condemned, upon its payment. It is also conclusive upon the land-owner for the same period of time, so far as it fixes his compensation, and estops him from exercising any rights over or making any disposition of the property in conflict with the order of condemnation. * * *"

To the same effect are Stout v. Limestone County, 211 Ala. 227, 100 So. 352 [1], and State v. Pettis, 275 Ala. 450, 156 So.2d 137 [2].

We think we have demonstrated that the probate court judgment is not absolute when an appeal is taken, as here, and we have already stated that the award was paid into probate court.

The condemnor appealed from the June 22 judgment on June 29 and the condemnee cross-appealed on July 9, 1965, and this transferred the cause to the circuit court because the appeals were taken within thirty days.

There is no question but that the condemnor went into possession and installed the pipeline long before the hearing in circuit court, and acting pursuant to Tit. 19, § 18, as amended, filed the bond to permit it the right of entry on the land. Section 18, as amended, which is in accord

with Section 235, Constitution of Alabama 1901, provides:

"No appeal shall suspend the judgment, or deprive the applicant of the right of entry, provided the amount of the damages assessed for the parties who appeal or against whom an appeal is taken, shall have been paid into court in money, and a bond shall have been given in double the amount of such damage, with good and sufficient surety, to pay such damages as the property owners may sustain. Said amount of damages may be paid into court and said bond in double the amount of such damage, with good and sufficient surety may be given, at the time of taking the appeal or at any time thereafter that the applicant may desire the right of entry pending the appeal. Provided, however, that in condemnation proceedings in which any county having a population of four hundred thousand inhabitants or more, or any city having a population of three hundred thousand inhabitants or more, according to the last or any subsequent federal census, is a party and where an appeal is taken, such county or city shall have the immediate right of entry pending said appeal as if a good and sufficient bond had been filed as described above."

When this bond in double the amount of the award was approved, the condemnor for the first time had the right to enter the land and start to work. That was the first time in this proceeding that the owners lost the right to use the condemned strip as they pleased. This was the first day on which interest could have started, and we think that the interest should have been computed from the day the bond was approved and filed, July 26, 1965.

In Alabama Power Company v. Nichols, 282 Ala. 704, 213 So.2d 912, the condemnor had made the bond required by § 18, as amended, pending trial in circuit court and had taken possession of the lands and flooded some of it, but then sought to dismiss its appeal in circuit court. This court

held that the appeal could not be dismissed and affirmed the judgment secured by the condemnee in that court. The opinion quoted the following from Jefferson County v. Adwell, 267 Ala. 544, 103 So.2d 143:

" 'At the time the condemnor sought to abandon the proceeding, the easement in the suit property had not been fully acquired, but as shown above, the condemnor had taken complete possession of the property and had so used it that it was unsuitable for private use. The landowner had, at that time, at least a vested right to be compensated, and to have the amount of compensation determined in the condemnation proceeding then pending. § 235 Constitution of 1901.' "

In *Adwell*, this court also said:

"The trial court correctly awarded interest from March 24, 1953, the day on which the property was occupied by the State of Alabama, which was the day on which the land was appropriated by the condemnor and on which it became precluded from abandoning the proceeding. Southern Railway Co. v. Cowan, supra [129 Ala. 577, 29 So. 985]; Morton Butler Timber Co. v. United States, 6 Cir., 91 F.2d 884; Haig v. Wateree Power Company, 119 S.C. 319, 112 S.E. 55."

■ We think *Nichols* and *Adwell* are plain that once the condemnor has taken possession of the condemned land, the condemnor cannot then change its mind and dismiss or abandon the proceeding without the condemnee's consent, and the condemnee has a right to a trial in circuit court.

■ A second reason for holding the date of the approval and filing of the bond as the date interest begins is that the law has long been in this state that if a party which has the right to condemn property, goes into possession of the property prior to filing condemnation proceedings, the interest begins as of the date of entry. It was so held in Southern Railway Co. v.

Cowan, 129 Ala. 577, 29 So. 985, and followed in Hays v. Ingham-Burnett Lumber Co., 217 Ala. 524, 116 So. 689, and Southern Ry. Co. v. Clark, 220 Ala. 555, 126 So. 855, where it was said:

" ' * * * Where a railroad company or such person who has the right of condemnation to acquire the actual possession of the real property of another for a right of way, has taken that possession before acquiring the same by condemnation under the law, and has continued in such possession, lawful interest, or damages in the nature thereof, will be allowed upon the amount of damages as a part of the just compensation from the time of the taking possession to the time of the trial.' "

A third reason is that the filing and approval date on the bond required by § 18, as amended, is certain, a matter of public record and is self-proving and does not require additional proof to ascertain the date from which the interest begins.

Petitioner argues that it was held in both *Adwell*, supra, and McLemore v. Alabama Power Co., 285 Ala. 20, 228 So.2d 780, that (quoting from *McLemore*):

"We are also of opinion that the rule of *Adwell* is correct in allowing interest from the day on which condemnor takes possession of the condemned property until the day of the judgment in the circuit court."

This statement is correct and is supported by the cases. Ordinarily, no condemnor puts up the bond required by § 18, as amended, unless it is ready to take possession of the condemned property. But since there could be a dispute as to the actual date of taking possession, and since the filing of the approved bond makes the date on which the condemnor became precluded from abandoning the condemnation proceeding, and also marks the date when the condemnor may take possession of the condemned property without becoming a trespasser, and without having paid the amount of compensation and damages—because it has not been finally determined as the case has been appealed—we think the

better and more definite date on which interest begins to accrue is the date of filing the approved bond under § 18, as amended, and that date in the instant case was July 26, 1965.

It follows that the opinion of the Court of Civil Appeals should be corrected and affirmed.

One point not involved in the instant case should be noted to avoid confusion in those cases where the State, or exempted counties and municipalities (See Tit. 19, § 18, as amended), is the condemnor.

Title 7, § 72, Code 1940, exempts the State from making bonds or giving security. We have specifically held that the State is not required to give the bonds required by Tit. 7, § 760 (double bond ad quod damnum proceedings) and Tit. 19, § 23, in eminent domain proceedings. State v. Barnhill, 280 Ala. 574, 196 So.2d 691. Under that case and the authorities cited, it is evident that the State is not required to give the bonds required in Tit. 19, § 18, as amended, or any other sections in the eminent domain chapter. That being true, what is the date when interest begins to accrue when the State or an exempted political subdivision desires to enter the condemned property pending appeal?

The answer in such cases is that interest begins to accrue when the amount of the last adjudicated award is paid into court. The State does not usually pay the award made in the probate court until it desires possession of the property. It then pays the amount of the award and goes into possession and its obligations are the same from that moment on as with any other condemnor as already discussed, that is, it cannot dismiss the proceedings without the consent of the condemnee and it must pay whatever amount is finally awarded the condemnee. So, the definite date of public record, the date of the payment of the award into court is the date from which interest would accrue.

Corrected and affirmed.

All the Justices concur.