PER CURIAM.
The appellant, Jerry Burkes, was indicted by the grand jury of Marshall County for the offense of rape, was convicted of assault with intent to ravish, and was sentenced to the penitentiary for 11 years. He appeals to this Court.
Appellant was at all stages of his trial in the lower court, and is here, represented by counsel of his own choice. This cause was submitted on briefs.
Appellant, in his brief, complains that the trial court erred to his prejudice by its action in overruling his objection to a question propounded by the District Attorney to Officer Cole, a witness for the State, and refusing to grant appellant’s motion to exclude Officer Cole’s answer.
In the record we find the following occurred during the re-direct examination of Officer Cole by the District Attorney:
“MR. STARNES (Continued):
Q Did (the prosecutrix) identify her assailant to you?
A Yes, sir.
Q By name?
A Yes, sir.
MR. BEARD: Your Honor, note my objection and move to exclude it. It’s not a part of the res gestae and represents prejudicial error.
THE COURT: It comes too late, Mr. Beard.
*1068 MR. STARNES: That’s all.”
Appellant in his brief argues that in cases of this type the State may show by witnesses that the prosecutrix complained to them of having been raped, but such evidence must be limited on direct examination to the bare fact of complaint. In our opinion this is a correct statement of the law, however, there are exceptions to it. By a careful reading of the record before us we find that the appellant on cross-examination of prosecutrix had already brought out the fact that the prosecutrix had identified the appellant by name as her assailant. She had already identified her assailant by name to Officer Cole, to her brother, her friend, and her friend’s husband, and to all law enforcement officers with whom she had talked, to her doctor, and to everybody she came in contact with.
We hold that there is no error in the trial court’s action in refusing to exclude the answer of the witness on motion of appellant when the matters sought to be excluded were first introduced in the case by answers to questions propounded to the prosecutrix by appellant on cross-examination. Alabama Power Company v. John N. Nichols et al., 282 Ala. 704, 213 So.2d 912; Bray v. State, 131 Ala. 46, 31 So. 107; Aaron v. State, 273 Ala. 337, 139 So.2d 309.
Next the appellant complains in his brief that the trial court erred to his prejudice in overruling his objection to the court’s instructions to the jury with regard to the crime of assault with intent to ravish, insomuch as there is no evidence indicating any other offense than the crime of rape. Appellant contends the evidence does not support the jury’s verdict finding him guilty of an assault with intent to ravish, because the evidence is undisputed that appellant was guilty of rape or nothing. The indictment under which the appellant was convicted charges the offense of rape, such an indictment will sustain a conviction of assault with intent to ravish. Kelsoe v. State, 50 Ala.App. 378, 279 So.2d 549; cer-tiorari denied, 291 Ala. 786, 279 So.2d 552; Williams v. State, 51 Ala.App. 1, 282 So.2d 349; certiorari denied, 291 Ala. 803, 282 So.2d 349. The question presented to this Court, is there sufficient evidence in the record before us to sustain the verdict of assault with intent to ravish?
The prosecutrix testified that she was 24 years old, had never married, was living by herself in a dwelling house in a small community in Marshall County on September 14th, 1974, that soon after 4:00 o’clock on the morning of September 15, 1974 she was awakened by a noise, that she got up and got her gun and turned on a light in the den, that at that moment the appellant, whom she knew, rushed across the den and grabbed her and pushed her against the door. He had his body pushing her against the wall, and he had his arm around her neck holding her against the wall. The appellant at that time told her he had a knife on her throat. He dragged the prose-cutrix back toward the den, and forced her to lay the gun down. He then turned out the lights while holding her. That she could feel the knife against her throat. After he turned out all the lights, he dragged prosecutrix down the hallway to her bedroom. While he carried her back to the bedroom, he was holding the knife on her throat. He made her undress herself, and raped her. His private parts entered her private parts. She was in her menstrual cycle. The appellant dragged her to the bathroom and back to her bedroom, and raped her four or five times. The appellant threw her on the bed, he was rough with her, he grabbed her around the throat and neck, he held her down. She resisted him, and he choked her by putting his hands around her throat. Prosecutrix further testified that appellant stayed with her in her bedroom for about three hours, and left about the time prosecutrix heard the noise of her brother loading some equipment on his truck in back of the house. Prosecutrix testified she called her brother, and immediately complained to him that she had been raped, and shortly after complaining to her *1069 brother made complaint to others that she had been raped.
Prosecutrix further testified that she was examined by her doctor on the afternoon of September 15, 1974, that she told him she had been raped, and wanted an examination, that her doctor found no semen on her body, or clothing, and no bruises on her neck, shoulders, arms, and legs, and that there were none on her body anywhere, except one about the size of a quarter on her breast, and that it was caused by appellant biting her. She further testified she had no injuries visible anywhere on her, except the bruise on the breast.
Prosecutrix further testified that the appellant left his knife in her bed, that the screen door was cut, that she heard it being cut just before appellant appeared in her den.
Appellant did not testify in his own behalf.
We hold that there is sufficient evidence in this case to sustain the jury verdict finding the appellant guilty of assault with intent to ravish. Therefore, the court did not err in charging the jury with regard to the crime of assault with intent to ravish. Kelsoe v. State, supra; Williams v. State, supra.
There are no other rulings of the trial court complained of in appellant’s brief. We have examined carefully the entire record, and find from such examination that there is no error in the record prejudicial to the appellant.
The foregoing opinion was prepared by the Honorable Joseph J. Mullins, a retired Circuit Judge, serving as a Judge of this Court under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328, Act # 1051, 1973); his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All Judges concur.